Filed 5/11/22  P. v. Henry CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JAMAR JAY HENRY II,<br><br>　　　Defendant and Appellant. | A164012<br><br>(Solano County<br>Super. Ct. No. FCR323094) |

In September 2021, pursuant to a negotiated disposition, defendant pled guilty to one count of voluntary manslaughter with an enhancement for personal use of a firearm, in exchange for a stipulated sentence of 21 years. (Pen. Code, §§ 192, subd. (a), 12022.5.)

On September 30, 2021, the court sentenced defendant according to the plea agreement to 21 years in state prison. The sentence consisted of the 11-year upper term for voluntary manslaughter, as well as the 10-year upper term for the firearm enhancement.

On appeal, defendant contends that he is entitled to resentencing based on two recent amendments to Penal Code section 1170.  The first, enacted by Senate Bill No. 567 (2021-2022 Reg. Sess., makes the midterm the presumptive sentence for a term of imprisonment unless certain circumstances exist. The second, Assembly Bill No. 124 (2021-2022 Reg. Sess.), as relevant here, requires the court to impose the lower term in cases

1

where a defendant's youth or psychological, physical or childhood trauma related to abuse, neglect or sexual violence was a contributing factor to the commission of the offense, unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice.[1]

The Attorney General agrees that the amendments apply retroactively to defendant's case because his judgment was not final at the time the amendments went into effect (*In re Estrada* (1965) 63 Cal.2d 740) and that "the case should be remanded for the trial court to resentence defendant consistent with the changes made to Penal Code section 1170."

The parties agree that the resentencing hearing is governed by *People v. Stamps* (2020) 9 Cal.5th 685, 707. Accordingly, if the trial court, having considered the permissible factors under the amended law, again imposes the upper-term sentence, defendant's sentence would stand. If the court indicates

---

[1] As amended, Penal Code section 1170 provides in relevant part: "(b)(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶] (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial . . . . [¶] . . . [¶] (6) Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense."

that application of the permissible factors would not support imposition of the upper-term sentence, the prosecutor may then either agree to modify the bargain to reflect the downward departure in the sentence, or choose to withdraw from the original plea agreement, and the court may choose to withdraw its prior approval of the plea agreement. (*Ibid.*)

## Disposition

The judgment is reversed and remanded for further proceedings consistent with this opinion.


POLLAK, P. J.

WE CONCUR:

STREETER, J.
NADLER, J.*

---

* Judge of the Sonoma County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.